UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA L. VAUGHN,<br><br>        Plaintiff,<br><br>v.<br><br>TAKESHA COLLINS, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-01514-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO STRIKE THE UNSIGNED COMPLAINT AND DISMISS THIS ACTION WITHOUT PREJUDICE FOR LACK OF AN OPERATIVE COMPLAINT, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

Plaintiff Rita L. Vaughn is proceeding *pro se* in this civil action. For reasons stated below, the Court recommends that her complaint be stricken, and that this case be dismissed without prejudice for lack of an operative complaint, failure to prosecute and failure to comply with this Court's order.[1]

**I.     BACKGROUND**

Plaintiff filed an unsigned complaint commencing this action on December 12, 2024. (ECF No. 1). Plaintiff alleges that Evolve Bank, through its manager, took money from her account without permission. (*See generally* ECF No. 1). Plaintiff moves to proceed *in forma pauperis*. (ECF No. 2). On December 13, 2024, the Court ordered Plaintiff to file a signed

---

[1] Plaintiff spells Defendant's name differently throughout the complaint. See, e.g. ECF No. 1 at 1, 2, 3. The Court will use the spelling "Takesha" for the caption of this order.

1

copy of the complaint by January 13, 2025.  (ECF No. 3).  The Court advised Plaintiff that "this case may be closed or dismissed if she fails to timely file a signed complaint."  (*Id.*).

The deadline to file a signed complaint has now passed, and Plaintiff has not filed a signed complaint.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 11(a) requires that:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Additionally, under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute.  In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.   ANALYSIS

### A.  Lack of Signed Complaint

Plaintiff has failed to sign her complaint.  (ECF No. 1 at 6).

The Federal Rules require that there be an operative complaint in order to proceed with a case.  (Fed. Rul. Civ. P. 3) ("A civil action is commenced by filing a complaint with the court."); *Jaquess v. United States*, No. 2:16-CV-01710-APG-VCF, 2016 U.S. Dist. LEXIS 168454, at *1 (D. Nev. Oct. 24, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 168453, (D. Nev. Dec. 6, 2016) (finding the action subject to dismissal because there

was no operative complaint as required to initiate an action in federal court pursuant to Federal Rule of Civil Procedure 3).

Those Federal Rules require that the complaint must be signed. (Fed. R. Civ. P. 11(a)). The rules also state that an unsigned document must be stricken. (*Id.*).; *see, e.g., Roccisano v. Six Unknown Names Agents*, No. 1:13-cv-1108, 2013 U.S. Dist. LEXIS 103088, at *1 (July 22, 2013) ("Unsigned documents cannot be considered by the Court, and Plaintiff's complaint shall be stricken the record on that ground."); *West v. Hulbert*, No. 1:16-CV-00046-DAD, 2016 U.S. Dist. LEXIS 64378, at *1 (E.D. Cal. May 16, 2016) ("Because the Court cannot consider unsigned filings, the complaint must be STRICKEN"); *Anderson v. Krpan*, No. 1:14-CV-01380-AWWI, 2015 U.S. Dist. LEXIS 11412, at *5 (E.D. Cal. Jan. 29, 2015) ("The Court cannot consider unsigned filings and therefore, the first amended complaint shall be stricken from the record.").

Accordingly, Plaintiff's unsigned complaint should be stricken.

Furthermore, absent an operative complaint, the action should be dismissed. *See Jaquess*, 2016 U.S. Dist. LEXIS 168454, at *1; *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that less drastic alternatives were considered when the district court tried alternatives and warned the plaintiff that failure to comply would result in dismissal).

**B. Failure to Prosecute and Follow Court orders**

Plaintiff's case is also subject to dismissal for failure to prosecute and comply with court orders.

On December 13, 2024, the Court ordered Plaintiff to file a signed copy of the complaint by January 13, 2025. (ECF No. 3). Plaintiff failed to follow that order and has not filed any response indicating she intends to prosecute the case.

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors

dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file a signed complaint or otherwise notify the Court that she wants to continue to pursue this litigation. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's request for *in forma pauperis* status. (*See* ECF No. 2). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### IV. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Clerk of Court is **ORDERED** to assign a district judge to this case, and it is **RECOMMENDED** that:

1. The complaint be stricken pursuant to Federal Rule of Civil Procedure 11(a);
2. This action be dismissed without prejudice under Federal Rule of Civil Procedure 3 for lack of an operative complaint and Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2025**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE